UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL WONG,<br>Plaintiff,<br>v.<br>CITY OF ROSEVILLE, et al.,<br>Defendant. | No. 2:26–cv–01599–DC–CKD (PS)<br><u>ORDER</u><br>(ECF No. 2) |

Plaintiff Daniel Wong is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

**<u>SCREENING REQUIREMENT</u>**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (2000) (en banc). In performing this screening, the court liberally construes a pro se plaintiff's

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122 (en banc).

**ALLEGATIONS IN THE COMPLAINT**

Plaintiff alleges he is the owner of a California-registered limited liability company called Mobility4menow. (ECF No. 1 at ¶ 16.) Plaintiff alleges that Mobility4menow is in the business of "car sharing." Id. Plaintiff alleged that in May 2025, he had recently acquired two vehicles that attracted the attention of Defendant Emma Simon, a code officer who had issued warnings for the vehicles not displaying license plates. Id. at ¶ 15.

Plaintiff alleges that on July 3, 2025, Roseville police officers arrived at his address to impound two vehicles: a 2005 Ford Ranger and 2012 Chevrolet Volt. Id. at ¶¶ 19-21. Plaintiff alleges he protested the towing and "loudly complained." Id. at ¶ 22. Plaintiff alleges he was subsequently handcuffed and arrested by Defendant Officer Brian Mayorga. Id. at ¶ 24. Plaintiff alleges he was transported to South Placer County Jail where he remained in custody until July 8, 2025. Id. at ¶ 25. Plaintiff alleges on July 9, 2025, he attempted to reclaim his impounded

vehicles. Id. at ¶¶ 27-29. Plaintiff alleges that while visiting the Roseville Police Department, a clerk found his behavior "threatening" and officers were called to assist. Id. at ¶ 29. Plaintiff alleges he was subsequently transported to Sutter Roseville Hospital for an involuntary mental health hold. Id. at ¶ 30. Plaintiff also alleges that the Roseville Police Department conducted a search of his address during his involuntary mental health hold. Id. at ¶ 32.

Plaintiff alleges that on October 23, 2025, the Roseville Police Department impounded an additional three vehicles: a 2005 Ford Ranger, a 2012 Chevrolet Volt, and a 2014 Ford Fusion. Id. at ¶ 36. Plaintiff alleged he protested the impoundment and that California Department of Motor Vehicles fees were current on two of the vehicles. Id. at ¶¶ 42-43. Plaintiff alleges that he was again arrested. Id. at ¶ 48. Plaintiff later alleges that when trying to recover his 2012 Chevrolet Volt, he discovered that it had been sold through a lien sale. Id. at ¶ 67. Plaintiff alleges that he nevertheless paid $207 in fees to release the vehicle. Id. at ¶ 65. Plaintiff also alleges that when reacquiring his Ford Fusion, he discovered several personal items were missing, such as a quarter container of motor oil and an Ikea knife set. Id. at ¶ 71.

**DISCUSSION**

Plaintiff brings this action against the following defendants: Emma Simon, Brian Mayorga, and Officer Darryl Lopez, Jr. (collectively, "Officer Defendants") Troy Bergstorm, Chief of Police of the City of Roseville, and City of Roseville. Id. at ¶¶ 4-8. Plaintiff alleges against the Officer Defendants four claims arising under 42 U.S.C. § 1983, including a First Amendment (free speech), Fourteenth Amendment (malicious prosecution/substantive due process), Fourth Amendment (unlawful seizure, search, and excessive force), and conspiracy to violate civil rights under Sections 1983 and 1988. Id. at ¶¶ 72-96. Plaintiff alleges a Monell claim against Defendant City of Roseville.[2] Plaintiff raises a Section 1983 claim for failure to train, supervise, discipline, or correct against Defendants City of Roseville and Bergstorm. Id. at ¶¶ 104-110. Plaintiff then raises several state claims, including intentional infliction of emotional

---

[2] While the Complaint states the Monell claim is raised against the Defendant Officers, it is apparent that Plaintiff intends this claim to be raised against Defendant City of Roseville. Id. at ¶¶ 97-103.

distress, assault, battery, negligence, and a violation of California Civil Code § 52.1. Id. at ¶¶ 111-135.

### A. Section 1983, Generally

To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law, and (2) each defendant deprived him of rights secured by the Constitution or laws of the United States. Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997).

### B. Plaintiff's Section 1983 First Amendment Claim

Plaintiff appears to raise a First Amendment retaliation claim against the Officer Defendants. (ECF No. 1 at ¶¶ 72-76.) To bring a First Amendment retaliation claim, a plaintiff must show: (1) that plaintiff was "engaged in a constitutionally protected activity"; (2) that defendant's actions would "chill a person of ordinary firmness from continuing to engage in the protected activity"; and (3) that "the protected activity was a substantial or motivating factor in defendant's conduct." Sanderlin v. Dwyer, 116 F.4th 905, 910-11 (9th Cir. 2024) (citation omitted). However, a plaintiff "may not recover merely on the basis of a speculative 'chill' due to generalized and legitimate law enforcement initiatives." Mendocino Environmental Center v. Mendocino Cnty., 14 F.3d 457, 464 (9th Cir. 1994).

Plaintiff has failed to show that any defendant retaliated against him under the First Amendment. Plaintiff generally alleges "[a]ll of the acts complained of herein were retaliatory and directed toward [Plaintiff] because of his statements, including criticism of the [Defendant] Officers (*sic*) conduct." (ECF No. 1 at ¶ 75.) Plaintiff further alleges Defendant Officers "acted deliberately to intimidate and silence [Plaintiff]." Id. at ¶ 76. Plaintiff offers no more than conclusory allegations to support a First Amendment retaliation claim. Therefore, the claim must be dismissed.

### C. Plaintiff's Section 1983 Fourteenth Amendment Claim

To state a substantive due process claim, a plaintiff must satisfy two elements: (1) "plaintiff must show a government deprivation of life, liberty, or property; and (2) "[p]laintiff must allege conduct that shocks the conscience and offend[s] the community's sense of fair play

and decency." Cancino Castellar v. McAleenan, 388 F. Supp. 3d 1218, 1230 (S.D. Cal. 2019). To succeed on a malicious prosecution claim under Section 1983, "a plaintiff must show the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection of another specific constitutional right." Awabdy v. City of Adelanto, 368 F. 3d 1062, 1066 (9th Cir. 2004).

Plaintiff's malicious prosecution claim under the Fourteenth Amendment fails. While Plaintiff briefly references a "fabricated" police report, the Complaint does not elaborate further. Id. at ¶ 82. Therefore, the Court dismisses Plaintiff's Fourteenth Amendment malicious prosecution claim.

Plaintiff also fails to allege a Fourteenth Amendment substantive due process claim. While Plaintiff states he seeks redress from a deprivation of his Fourteenth Amendment rights, he does not discuss what acts caused by Defendant Officers shocked the conscience. Instead, he merely states the actions were "shocking to the conscience, beyond the bounds of acts tolerable in civilized society, and so egregious and outrageous…" Id. at ¶ 80. The Court concludes that Plaintiff has merely recited the elements of a cause of action and dismisses his substantive due process claim. See Twombly, 550 U.S. at 555.

### D. Plaintiff's Section 1983 Fourth Amendment Claim

#### 1. Unlawful Seizure

Under the Fourth Amendment, individuals are protected from unreasonable searches and seizures. See Katz v. U.S., 389 U.S. 347, 359 (1967). These protections extend to individuals' possessory interests in property. U.S. v. Paige, 136 F.3d 1012, 1021 (5th Cir. 1998) (citing Soldal v. Cook County, Ill., 506 U.S. 56, 62-63 (1992)). For Plaintiff to prevail on a Fourth Amendment Claim, he must establish that the seizure of property was unreasonable. See Levan, 693 F.3d at 1030.

Plaintiff alleges Officer Defendants performed the following unreasonable seizures: (1) selling Plaintiff's Chevrolet Volt in a "premature and illegal lien sale," (ECF No. 1 at ¶ 85); (2) collecting an impound release fee after the Chevrolet Volt was sold; (3) impounding Plaintiff's Ford Fusion and property was subsequently stolen from the vehicle; and (4) detaining Plaintiff

and violating his Fourth Amendment rights. (ECF No. 1 at ¶¶ 85-88.)

Plaintiff alleges the lien sale was in violation of California Vehicle Code § 22851.3 because Defendant Officera did not send Plaintiff a notice within 48 hours of removal. Id. at ¶ 59. This notice falls under specific guidelines for vehicles valued at less than $500, which Plaintiff admits. Cal. Vehicle Code § 22851.3; (ECF No. 1 at ¶ 60.) Plaintiff later alleges the Chevy Volt in question is valued between $5,000 and $9,000. Id. at ¶ 61. The Court is confused by Plaintiff's allegations that Defendant Officers have violated California Vehicle Code § 22851.3, when the Complaint alleges that the car may not qualify under its protection and does not allege whether Defendant Officers valued the car below $500. Therefore, the Court dismisses Plaintiff's unlawful seizure claim with respect to the lien sale.

Plaintiff also alleges unlawful seizures against Defendant Officers because he had to pay an impound fee for the Chevrolet Volt when it was already sold at the lien sale and that personal items were missing from his Ford Fusion once recovering the vehicle. Id. at ¶¶ 86-87. The Complaint fails to state how the Defendant Officers' conduct contributed to these alleged seizures. Absent any link to an alleged violation, Plaintiff cannot state a claim under § 1983 against any of the individual Officer Defendants for these Fourth Amendment seizure claims. See Barnett v. Ubimodo, Inc., 2019 WL 3323496, at *2-3 (D. Or. July 24, 2019) ("[A] 'plaintiff fails to state [a] plausible claim when [he] lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct.'") (quotation omitted).

Lastly, Plaintiff fails to state a claim for unlawful seizure based on his detention. Plaintiff merely alleges that Defendants were "without lawful basis, reasonable suspicion, probable cause, or warrant…" (ECF No. 1 at ¶ 88.) The Court finds these claims to be "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and dismisses Plaintiff's unlawful seizure claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2. Unlawful Search

A Fourth Amendment violation for an unlawful search occurs when "government officers violate a person's 'reasonable expectation of privacy.'" Barello v. City of Seal Beach, 2018 WL 6219937, at *3 (C.D. Cal. 2018) (quoting United States v. Jones, 565 U.S. 400, 406 (2012)).

"Police officers are prohibited from entering a person's home without a warrant" absent a showing of probable cause and exigent circumstances. Id. (quoting LaLonde v. County of Riverside, 204 F. 3d 947, 954 (9th Cir. 2000). Plaintiff alleges that the Roseville Police Department searched his home without a warrant while he was placed on an involuntary hold and that he was unlawfully searched when jailed. (ECF No. 1 at ¶¶ 89-90.) However, the Complaint fails to allege any facts suggesting that the Defendant Officers were involved in the warrantless search. (ECF No. 1 at ¶¶ 32, 89.), Further, the Complaint fails to allege any factual allegations of an unlawful search incident to arrest. Accordingly, the Court dismisses Plaintiff's Fourth Amendment unlawful search claim. See Soares v. City of Monterey, 2024 WL 4227748, at *2-3 (N.D. Cal. Sept. 17, 2024) (finding plaintiff was unlikely to succeed on the merits of an unlawful search claim where he has failed to give defendants fair notice of the claim under Federal Rule of Civil Procedure 8(a)).

3. Excessive Force

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Police officers violate an individual's Fourth Amendment rights when they use excessive force during an arrest. See Graham v. Connor, 490 U.S. 386, 396 (1989). Such claims are assessed using a standard of objective reasonableness. Blanford v. Sacramento County, 406 F.3d 1110, 1115 (9th Cir. 2005).

Plaintiff fails to allege an excessive force claim by only offering "labels and conclusions" in support. See Twombly, 550 U.S. 555-557. For example, Plaintiff alleges an "unlawful, unwarranted, and harmful touching…without lawful basis, reasonable suspicion, probable cause, or warrant…" (ECF No. 1 at ¶ 91.) Such conclusory pleading fails to satisfy the standards set forth in Twombly and the Court dismisses Plaintiff's excessive force claim.

**E. Plaintiff's Sections 1983 and 1988 Conspiracy Claims**

"To state a conspiracy claim under § 1983, a plaintiff must show (1) an agreement between the defendants to deprive the plaintiff of a constitutional right, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional deprivation." Davis v. Powell, 901 F. Supp.

2d 1196, 1217 (S.D. Cal. 2012). “To plead a claim of conspiracy under § 1983, [a] plaintiff must allege facts with sufficient particularity to show an agreement or meeting of the minds to violate a plaintiff’s constitutional rights.” Davis, 901 F. Supp. 2d at 1217.

Plaintiff fails to state a conspiracy under Section 1983. The Complaint merely alleges that Defendant Officers “acted… in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Plaintiff’s civil rights…” (ECF No. 1 at ¶ 95.) Such conclusory pleading does not meet the particularity standard to demonstrate a meeting of the minds. See Davis, 901 F. Supp. 2d at 1217. Therefore, the Court dismisses Plaintiff’s Section 1983 conspiracy cause of action.

42 U.S.C. § 1988 is a statutory vehicle for payment of attorneys’ fees and is not a separate cause of action. See Cha v. City and County of San Francisco, 2025 WL 2782587 at *7 (N.D. Cal. Sept. 30, 2025). Accordingly, Plaintiff cannot allege a claim for conspiracy under this statute and the Court dismisses his claim.

**F. Plaintiff’s Monell Claim**

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep’t of Social Services, 436 U.S. 585 at 691, 694 (1978). “Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.” Id. at 694. Municipalities are considered “persons” under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.2006). To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a “‘longstanding practice or custom which constitutes the standard operating procedure of the local government entity.’” Price

v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

The Court finds Plaintiff fails to allege a Monell claim against Defendant City of Roseville. While Plaintiff alleges several de facto policies, customs, and practices, including "harassing, intimidating, and threatening to arrest… persons who exercise their First Amendment Rights," and "inadequately investigating police officer employees," Plaintiff merely alleges that these customs were "the moving force… behind some or all of the violations…" (ECF No. 1 at ¶¶ 99-100.) The Court finds Plaintiff has failed to plead factual allegations as to whether Defendants' alleged policies were the moving force behind his constitutional violations. See Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") Therefore, the Court dismisses Plaintiff's Monell liability claim.

**G. Plaintiff's Section 1983 Failure to Train Claim**

"Failure to train may constitute a basis for Monell liability where the failure amounts to deliberate indifference of the rights of those who train with municipal employees." Benavidez v. County of San Diego, 993 F. 3d 1134, 1153 (9th Cir. 2021). The elements of a failure to train are "(1) a constitutional violation; (2) a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." Id.

The Court finds that Plaintiff has failed to state a failure to train cause of action against Defendant Bergstrom and City of Roseville. While Plaintiff names several failures to properly supervise or discipline employees that amount to de facto policies, he fails to connect these policies to the alleged constitutional injuries. Instead, the Complaint only alleges that the "unconstitutional customs and practices were a direct and legal cause of harm to Plaintiff." (ECF No. 1 at ¶ 107.) The Court finds that this conclusory reasoning fails to state a failure to train cause of action and must be dismissed. See Iqbal, 556 U.S. at 678.

**H. Plaintiff's State Claims**

Plaintiff has alleged several state law claims. (ECF No. 6 at ¶¶ 178-182.) The Court lacks

subject matter jurisdiction to evaluate plaintiff's claims having dismissed all remaining federal claims to this action. See McDaniel v. Hinch, No. 2:17-cv 02448-KJM-CKD (E.D. Cal. July 11, 2018) ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction").

**I. Leave to Amend**

The Complaint must be dismissed, but Plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading. Failure to file an amended complaint within thirty (30) days may result in a recommendation to dismiss this action for failure to prosecute.

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. The Complaint (ECF No. 1) is DISMISSED with leave to amend;
3. Plaintiff shall have thirty (30) days to file an amended complaint. Failure to timely file an amended complaint in compliance with the Court's order will result in a recommendation that this action be dismissed for failure to prosecute.

Dated: August 19, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, wong.26cv1599.scrn